FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 03, 2019

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

GUY H.,[1]

            Plaintiff,

v.

NANCY A. BERRYHILL, Commissioner of Social Security,

           Defendant.

No. 4:18-CV-5097-EFS

**ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION AND DENYING DEFENDANT'S SUMMARY JUDGMENT MOTION**

Before the Court, without oral argument, are cross summary-judgment motions.[2] Plaintiff Guy H. appeals the Administrative Law Judge's (ALJ) denial of benefits.[3] Plaintiff contends the ALJ: (1) improperly rejected the opinions of Plaintiff's medical providers; (2) improperly rejected Plaintiff's subjective complaints; (3) failed to conduct a proper step four analysis; and (5) failed to meet her burden at step five.[4] The Court has reviewed the administrative record and the parties' briefing. For the reasons set forth below, the Court grants Plaintiff's

---

[1] To protect the privacy of social-security plaintiffs, the Court refers to them by first name and last initial. *See* LCivR 5.2(c). When quoting the Administrative Record in this order, the Court will substitute "Plaintiff" for any other identifier that was used.
[2] ECF Nos. 12 & 16.
[3] *See generally* ECF No. 12.
[4] Id. at 6.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF- 1

Summary Judgment Motion and remands this case to the ALJ for a decision consistent with this Order.

## I. Standard of Review

On review, the Court must uphold the ALJ's determination that Plaintiff is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.[5] Substantial evidence means more than a mere scintilla, but less than a preponderance.[6] It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[7] The Court will also uphold the ALJ's reasonable inferences and conclusions drawn from the record.[8]

In reviewing a denial of benefits, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision.[9] That said, the Court may not substitute its judgment for that of the Commissioner.[10] If the evidence supports more than one rational interpretation, a reviewing court must uphold the ALJ's decision.[11] Further, the Court "may not reverse an ALJ's decision on account of an error that is harmless."[12] An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."[13] The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.[14]

---

[5] *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir.1985)).
[6] *Id.* at 1110–11 (citation omitted).
[7] *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir.2009)).
[8] *Id.* (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.2008)).
[9] *Id.; See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).
[10] *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).
[11] *Id.*
[12] *Molina*, 674 F.3d at 1111 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).
[13] *Id.* at 1115 (citation omitted).
[14] *Id.* at 1111 citing (*Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)).

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF- 2

## II. Five-Step Disability Determination

The ALJ uses a five-step sequential evaluation process to determine whether an adult claimant is disabled.[15] The claimant has the initial burden of establishing entitlement to disability benefits under steps one through four.[16] At step five, however, the burden shifts to the Commissioner to show that the claimant is not entitled to benefits.[17]

Step one assesses whether the claimant is currently engaged in a substantial gainful activity.[18] If the claimant is, benefits will be denied.[19] If not, the ALJ proceeds to the second step.[20]

Step two assesses whether the claimant has a medically severe impairment, or combination of impairments, which significantly limit the claimant's physical or mental ability to do basic work activities.[21] If the claimant does not, the disability claim is denied.[22] If the claimant does, the evaluation proceeds to the third step.[23]

Step three compares the claimant's impairment to several recognized by the Commissioner to be so severe as to preclude substantial gainful activity.[24] If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.[25] If the impairment does not, the evaluation proceeds to the fourth step.[26]

---

[15] *See* 20 C.F.R. §§ 404.1520, 416.920.
[16] *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).
[17] *Id.*
[18] 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).
[19] 20 C.F.R. §§ 404.1520(b), 416.920(b).
[20] *See id.*
[21] 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).
[22] 20 C.F.R. §§ 404.1520(c), 416.920(c).
[23] *See id.*
[24] 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d). *See* 404 Subpt. P App. 1.
[25] 20 C.F.R. §§ 404.1520(d), 416.920(d).
[26] 20 C.F.R. §§ 404.1520(e), 416.920(e).

Step four assesses whether the impairment prevents the claimant from performing work he or she has performed in the past by determining the claimant's residual functional capacity (RFC).[27] If the claimant is able to perform his or her previous work, the claimant is not disabled.[28] If the claimant cannot perform this work, the evaluation proceeds to the fifth step.[29]

Step five, the final step, assesses whether the claimant can perform other work in the national economy in light of his or her age, education, and work experience.[30] The Commissioner has the burden to show (1) that the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy" which the claimant can perform.[31] If both of these conditions are met, the disability claim is denied; if not, the claim is granted.[32]

### III. Facts, Procedural History, and the ALJ's Findings

Plaintiff was born on October 6, 1965.[33] He was 51 years old at the time of the hearing. Plaintiff graduated high school and has worked as a facilities maintenance supervisor.[34] On August 27, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on January 31, 2010.[35] Plaintiff's claims were initially denied and also denied upon reconsideration.[36] Plaintiff requested a hearing before an ALJ, which was held on October 25, 2016.[37] After the hearing, the ALJ held open the record for submission

---

[27] 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
[28] *Id.*
[29] *See id.*
[30] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).
[31] *Kail v. Heckler*, 722 F.2d 1496, 1497–98 (1984); 20 C.F.R. §§ 404.1520(g), 416.920(g).
[32] 20 C.F.R. §§ 404.1520(g), 416.920(g).
[33] Administrative Record ("AR") AR 50.
[34] AR 51–52.
[35] AR 18.
[36] *Id.*
[37] *Id.*

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF- 4

of additional records; Plaintiff submitted additional records in February 2017.[38] On March 20, 2017 the ALJ, Kimberly Boyce, rendered a decision denying Plaintiff's claim.[39]

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date.[40]

At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease, hypertension, and obesity.[41] The ALJ also found that Plaintiff's depression/mood disorder was not severe.[42]

At step three, the ALJ found that Plaintiff did not have an impairment that met the severity of a listed impairment.[43]

At step four, the ALJ found that Plaintiff has the residual functioning capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b), except that he can occasionally climb, balance, stoop, kneel, crouch, and crawl.[44] The ALJ also found that he can occasionally stoop, kneel, and crouch.[45] He could perform work in which concentrated exposure to vibration was not present and did not require operation of a motor vehicle.[46]

When determining Plaintiff's RFC, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, his statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical

---

[38] *Id.*
[39] AR 18–31.
[40] AR 20.
[41] *Id.*
[42] *Id.*
[43] AR 22–23.
[44] AR 23.
[45] *Id.*
[46] *Id.*

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF- 5

evidence and other evidence in the record.[47] The ALJ assigned great weight to the determination of the state agency doctor who reviewed Plaintiff's claim during reconsideration, Dr. Robert Hoskins.[48] The ALJ gave no weight to the state agency doctor who reviewed Plaintiff's claim during the initial phase of review, Dr. Norman Staley.[49] The ALJ partial weight to Dr. Wing Chau, with significant weight to the findings on examination and no weight to the severity of limitations finding.[50] Finally, the ALJ assigned little weight to Dr. James Opara's February 2014 opinion.[51]

At step five, the ALJ found that Plaintiff is able to perform past relevant work as a supervisor.[52] Alternatively, the ALJ found that there are jobs in the national economy that plaintiff can perform, considering his age, education, work experience, and RFC.[53]

The Appeals Council denied Plaintiff's request for review,[54] making the ALJ's decision the final decision for purposes of judicial review.[55] Plaintiff filed this lawsuit on June 6, 2018.[56]

## IV. Applicable Law & Analysis

The ALJ improperly evaluated the opinions of Dr. Hoskins, Dr. Staley, and Dr. Chau. These errors were not harmless and the Court therefore remands for reevaluation. The ALJ properly disregarded Plaintiff's subjective testimony. In light of the ALJ's errors regarding Plaintiff's medical providers, the ALJ should reassess

---

[47] AR 24.
[48] AR 27.
[49] AR 27 n.2.
[50] AR 27–28.
[51] AR 28.
[52] AR 29.
[53] AR 29–31.
[54] AR 1–6.
[55] 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.
[56] ECF No. 1.

step four and may need to reevaluate step five. Therefore, the Court need not address Plaintiff's specific claims of error regarding the ALJ's steps four and five analyses.

### A. The ALJ improperly weighed the opinion of Dr. Robert Hoskins.

First, the ALJ incorrectly stated that Dr. Hoskins had concluded Plaintiff could perform light work with postural limitations.[57] Dr. Hoskins was the state agency doctor who reviewed Plaintiff's claim on reconsideration.[58] Dr. Hoskins did not opine that Plaintiff could perform light work—he actually concluded Plaintiff is limited to sedentary work.[59] The ALJ gave this incorrect interpretation "great weight."[60]

The significance of the ALJ's error manifests in the application of the SSA's Medical–Vocational Guidelines (the "Grid"). The Commissioner, through the ALJ, may meet its burden of proving that significant numbers of jobs exist in the national economy through proper reference to the Grid rules.[61] The Grid rules provide separate numbered tables for the sedentary, light and medium levels of work, and separate rules for the heavy and very heavy levels.[62] If the claimant has sedentary, light or medium exertional capacity, the ALJ must first determine which Grid table to use.[63] Next, based on the claimant's age, education and previous work experience, rules within the Grid table direct a finding of "disabled" or "not disabled."[64] The ALJ must consider the claimant's RFC, age, education, and work experience in conjunction with the Grid rules.[65]

This error is not harmless because the ALJ may have reached different conclusions regarding Plaintiff's disability if the ALJ had applied the Grid rules for

---

[57] *See* AR 27.
[58] AR 92.
[59] AR 103.
[60] AR 27.
[61] *Kail v. Heckler*, 722 F.2d 1496, 1497–98 (1984); 20 C.F.R. §§ 404.1520(g), 416.920(g).
[62] 20 C.F.R. Pt. 404, Subpt. P, App. 2.
[63] *Id.*
[64] *Id.*
[65] *Id.*

sedentary instead of light capacity work. Here, the ALJ found that Plaintiff had at least a high school education and speaks English.[66] For a claimant capable of light work, the Grid rules direct a finding of "not disabled" when the claimant's age falls between the ages of 50 and 54, and he has at least a high school education, regardless of the possibility of direct entry into skilled work and the transferability of her previous job skills.[67] In contrast, for a claimant with the maximum sustained work capability of sedentary work, the Grid rules direct a finding of "disabled" when his age falls between the ages of 50 and 54, and he has at least a high school education, provided that his education does not provide for direct entry to skilled work and he has no transferrable job skills.[68] The ALJ did not make any findings regarding Plaintiff's transferability of job skills because it was immaterial to his disability determination, when applying the Grid rules for light work capability.[69] If upon reevaluation of Dr. Hoskins' opinion the ALJ determines that Plaintiff should be limited to sedentary work, the ALJ will need to make findings as to Plaintiff's transferability of job skills and reevaluate him using the Grid rules for sedentary work.

**B.     The ALJ improperly weighed the opinion of Dr. Norman Staley.**

Plaintiff points out an apparent conflict in the ALJ's determination that Dr. Staley's opinion should be disregarded because subsequent evidence indicated that Plaintiff was "more limited" than initially thought.[70] Dr. Staley was the state agency doctor who reviewed Plaintiff's claim at the initial review stage.[71] In a

---

[66] AR 30.
[67] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 202.13–15.
[68] *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rules 201.12, 201.16.
[69] AR 30 ("Transferability of job skills is not material to the determination of disability . . . .").
[70] AR 27 n.2.
[71] AR 78.

footnote while discussing Dr. Hoskin's opinion, which was subsequent to Dr. Staley's opinion, the ALJ stated:

> I give no weight to the initial determination by [Dr. Staley] because medical evidence received in the course of developing this case for review justifies a conclusion that claimant's impairments were more limiting than initially concluded by [Dr. Staley] (Social Security Ruling 96-6p).[72]

Dr. Staley opined stated that Plaintiff can stand and/or walk for *2 hours* and, as stated, limited Plaintiff to sedentary work.[73] Subsequently, Dr. Hoskins opined that Plaintiff can stand and/or walk for *6 hours* in an 8-hour work day and limited Plaintiff to sedentary work.[74] Therefore, the ALJ's conclusion that subsequent evidence indicated that Plaintiff was more limited conflicts with the record. Dr. Hoskins' subsequent opinion seems to contend that Plaintiff was less limited than Dr. Staley had previously opined—Dr. Hoskins believed that Plaintiff could stand and/or walk for 6 hours instead of 2 hours.[75] Further, the ALJ's conclusion that Plaintiff was more limited than initially thought conflicts with the ALJ's RFC determination. The ALJ ultimately concluded that Plaintiff was less limited that Dr. Staley opined—specifically, she determined that Plaintiff could do "light work," while Dr. Staley opined that Plaintiff was limited to "sedentary work."[76]

The Commissioner admits the ALJ likely "made a scrivener's error" because "later medical evidence showed that [Plaintiff's] impairments were 'more' limiting than Dr. Staley found."[77] Therefore, the Commissioner contends, the ALJ must have meant Plaintiff's impairments were "less limiting than Dr. Staley found."[78] However, the Court has a limited scope of review of the final agency decision. Where there is

---

[72] AR 27 n.2.
[73] AR 85, 89.
[74] AR 100, 103.
[75] AR 85, 100.
[76] As stated, supra, the ALJ likely concluded that Plaintiff could perform "light work" based on an incorrect interpretation of Dr. Hoskins report.
[77] ECF No. 16 at 11.
[78] *Id.*

conflicting evidence in the record, it is the province of the ALJ to resolve the inconsistencies, leaving the court to review whether the ALJ's determination is supported by substantial evidence.[79] Upon remand, the ALJ should resolve this inconsistency or provide further explanation.

### C. The ALJ improperly weighed the opinion of Dr. Wing Chau.

Dr. Chau, an examining physician,[80] conducted a one-time disability impairment evaluation of Plaintiff in February 2014.[81] The ALJ partial weight to Dr. Wing Chau, with significant weight to the findings on examination and no weight to the limitations finding.[82] Dr. Chau's noted the following limitations: Plaintiff would not be able to tolerate prolonged sitting, standing, or walking and his twisting activities would be limited.[83]

The opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.[84] The ALJ meets this burden by providing a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.[85]

The ALJ failed to provide "specific and legitimate reasons" to support her dismissal of Dr. Chau's opinion regarding Plaintiff's limitations. The ALJ simply stated that Dr. Chau's findings regarding the exertional limitations were "out of proportion to the other medical evidence and the claimant's activities of daily living."[86] The ALJ did not identify any specific inconsistencies or point to any specific

---

[79] *Tommasetti v. Astrue*, 533 F.3d 1035, 1040–41 (9th Cir. 2008).
[80] *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1205 (9th Cir. 2008) (noting that the treating physician was entitled to more weight than a one-time examining physician).
[81] AR 344–46.
[82] AR 27–28.
[83] AR 346.
[84] *Ryan*, 528 F.3d at 1198.
[85] *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).
[86] AR 28.

records. A plain assertion that the treating physician's opinion is contradicted generally by other records and Plaintiff's activities does not constitute "specific and legitimate reasons."[87] Further, the ALJ may wish to re-weigh the evidence after re-evaluating Dr. Hoskins and Dr. Staley's opinions. This is particularly true because the "other medical evidence" the ALJ refers to seems to be the ALJ's erroneous interpretation of Dr. Hoskin's report—as it was the only report that the ALJ gave great weight to in full.[88] The Court therefore remands for the reevaluation of Dr. Chau's opinion.

**D.     The ALJ properly discounted Plaintiff's subjective complaints.**

To discredit a claimant's testimony when a medical impairment has been established, the ALJ must provide "specific, cogent reasons for the disbelief."[89] The ALJ must cite the reasons why Plaintiff's testimony is unpersuasive.[90] Where, as here, the ALJ did not find affirmative evidence that Plaintiff was a malingerer, those reasons for rejecting Plaintiff's testimony must be clear and convincing."[91]

The ALJ properly discounted Plaintiff's testimony because Plaintiff stopped working for a reason other than his alleged disability and continued to receive unemployment benefits.[92] When a claimant stops working for reasons other than

---

[87] The Ninth Circuit in *Embry v. Bowen* concluded that the ALJ failed to meet the burden to provide specific legitimate reasons for rejecting a treating physicians opinion where the ALJ summarily stated:
> The opinions of total disability tended [sic] in the record are unsupported by sufficient objective findings and contrary to the preponderant conclusions mandated by those objective findings. The duration of the claimant's stress treadmill testings and relative lack of positive findings, the results of other laboratory and x-ray testing, the objective observations of the physicians of record, all preponderate toward a finding that the claimant has never lost the residual functional capacity for light work for any period approaching 12 months.

*Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988).
[88] *See* AR 27–28.
[89] *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).
[90] *See id.*
[91] *Id.*
[92] AR 26.

disability, the ALJ may draw an adverse inference as to the credibility of her disability claim.[93] Further, continued receipt of unemployment benefits casts doubt on a claim of disability, as it shows that an applicant holds himself out as capable of working.[94] Plaintiff held himself out as able to work; he testified that he went to a "all of the job training" and continued to actively look for work while receiving benefits and himself believed that he was capable to work during that time.[95]

Because these reasons are sufficient to disregard Plaintiff's subjective testimony, the Court need not assess Plaintiff's remaining specific assignments of error related to the ALJ's credibility determination.

### E. The ALJ should reassess the step four RFC analysis.

As explained above, the ALJ improperly weighed the opinions of Dr. Chau, Staley, and Hoskins, and consequently, her RFC findings may not be an accurate assessment of Plaintiff's limitations. In light of the court's instructions above, the ALJ should reassess at step four. Therefore, the Court need not address Plaintiff's specific assignments of error related to the ALJ's step four analysis.

### F. The ALJ may need to reassess the hypotheticals posed to the vocational expert at step five.

A hypothetical question posed to a vocational expert "must include all of the claimant's functional limitations, both physical and mental supported by the record."[96] If the hypothetical posed to the vocational expert is not adequate, then the expert's testimony has no evidentiary value to support a finding that the claimant

---

[93] *See Brutton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (affirming the ALJ's adverse credibility determination based, in part, on the claimant's admission that he left his job due to a lay-off, rather than because he was injured). *See also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (An ALJ may consider a plaintiff's inconsistent statements concerning his symptoms, as well as other testimony that "appears less than candid" when considering his subjective symptom testimony).

[94] *Ghanim*, 763 F.3d at 1165.

[95] AR 53–57.

[96] *Thomas v. Barnhard*, 278 F.3d 947, 956 (9th Cir. 2002).

can perform the identified jobs.[97] In light of the Court's instructions above, the ALJ may need to reassess the hypotheticals posed to the vocational expert.

## V. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes that there are unresolved issues, the record does not clearly require a finding of disability, and that remand is necessary.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED.**
2. The Commissioner's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.
3. This matter is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this decision and sentence four of 42 U.S.C. § 405(g).
4. The Clerk's Office shall enter **JUDGMENT** for Plaintiff.
5. The file shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  2nd  day of May 2019.

 s/Edward F. Shea 
EDWARD F. SHEA
Senior United States District Judge

---

[97] *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).